**K&L GATES LLP**
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  310.552.5000
Facsimile:  310.552.5001

Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@klgates.com

Attorneys for Defendant Litton Loan Servicing LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| JOHN SINGH, an individual, as,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>LITTON LOAN SERVICING LP a Texas Corporation; MERSCORP, INC, a Virginia Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP., Inc., a Delaware corporation; and DOES individuals 1-100, inclusive, and ROES corporations 1 to 30, inclusive, and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto,<br><br>　　　　　　　　Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

　　　　PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 defendant Litton Loan Servicing LP ("Litton"), through counsel, hereby removes this action from the Superior Court for the State of California, County of Fresno ("State Court"), in which court the cause was filed, to the United States District Court for the Eastern District of California, Fresno Division. In support thereof, Litton states as follows:

　　　　1.　　　Litton exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1332, 1441, and 1446 to remove this case from the State Court, in which court the case was filed under the name and style, <u>John Singh v. Litton Loan Servicing LP a Texas Corporation; MERSCORP, Inc, a Virginia</u>

1
**NOTICE OF REMOVAL**

1  Corporation; Mortgage Electronic Registration Systems, Inc., a subsidiary of MERSCORP. Inc., a
2  Delaware corporation; and DOES individuals 1-100, inclusive, and ROES corporations 1 to 30,
3  inclusive, and all other persons and entities unknown claiming any right, title, estate, lien or interest
4  in the real property described in the Complaint adverse to plaintiff's ownership, or any cloud upon
5  plaintiff's title thereto, Civil Action No. 10 CE CG 01895.

6      2.    28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which
7  the district courts of the United States have original jurisdiction, may be removed by the defendant or
8  the defendants, to the district court of the United States for the district and division embracing the
9  place where such action is pending."

10     3.    This is a civil action that was instituted in the State Court, and has not been tried.  On
11 or about May 28, 2010, plaintiff John Singh ("plaintiff" or "Singh") filed a Complaint in the State
12 Court against Litton, MERSCORP and MERS as well as unspecified "Doe" and "Roe" defendants.

13     4.    Plaintiff served a copy of a Summons and the Complaint on Litton on or about July
14 15, 2010.  A true and correct copy of the Complaint served on Litton is attached hereto as Exhibit A.
15 A true and correct copy of the Summons served on Litton is attached hereto as Exhibit B.

16     5.    Upon information and belief, plaintiff has not yet served the Summons and Complaint
17 on MERS or MERSCORP.

18         **II.**    **SUBJECT MATTER JURISDICTION**

19     6.    The Court has subject matter jurisdiction over this matter and this case is properly
20 removed to this Court because, as more fully set forth below:

21     (a)    Pursuant to 28 U.S.C. § 1331, several of the causes of action in the Complaint
22 arise under the laws of the United States; and

23     (b)    Pursuant to 28 U.S.C. § 1332(a), there is complete diversity among all properly
24 joined parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

25         **A.**    **Federal Question Jurisdiction Under 28 U.S.C. § 1331**

26     7.    28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all
27 civil actions arising under the Constitution, laws, or treaties of the United States."

28     8.    Removal here is proper under 28 U.S.C. § 1441(a) because the Court has original

1  jurisdiction, pursuant to 28 U.S.C. § 1331, over plaintiff's claims arising under federal law.

2    9. Specifically, plaintiff's Complaint purports to assert claims under: (a) the Real Estate
3  Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA") (Complaint, Count 2); and the Fair
4  Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") (Complaint, Count 3).  The Complaint
5  further alleges violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA")
6  (Complaint at 6:12-17), and seeks damages under the federal Fair Housing Act, 42 U.S.C. §§ 3601, et
7  seq. ("FHA") (Complaint at 19:16).

8    10. Plaintiff further acknowledges in the Complaint that "[j]urisdiction is founded upon 28
9  U.S.C. § 1331, as this matter presents issues of federal law."  Complaint at 2:24-25.

10    11. Accordingly, plaintiff's alleged claims arise under federal law so as to present a
11  federal question within the meaning of 28 U.S.C. § 1331, and thus the instant action is properly
12  removed to this Court.

13    12. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other
14  of plaintiff's claims against defendants as to which the Court may not have original jurisdiction under
15  28 U.S.C. § 1331; see also Complaint at 3:8-9 (stating that the "Court has pendant jurisdiction over
16  plaintiff's state law claims pursuant to 28 U.S.C. § 1367").

17      **B.** **Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

18    13. The Court also has jurisdiction under 28 U.S.C. § 1332(a) because the suit is between
19  parties from different states and the amount in controversy exceeds $75,000 exclusive of interest and
20  costs.  See 28 U.S.C. § 1332(a); see also Complaint at 3:1-2 (stating that the Court "also has
21  jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship").

22    **(a)  There Is Complete Diversity Of Citizenship Between Plaintiff And Defendants**

23    14. In determining whether complete diversity exists, the Court considers the citizenship
24  of all properly joined parties.  28 U.S.C. § 1441(b).

25    15. Singh is a citizen of the State of California and a resident of Fresno County.  See
26  Complaint at 2:2-3.

27    16. Litton is a Delaware limited partnership with its principal place of business in
28  Houston, Texas.  For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), the citizenship

of an unincorporated entity, such as a limited partnership, is determined by the citizenship of each of its partners.  Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); see also Provident Energy Assoc. of Mont. v. Bullington, 77 Fed. App'x 427, 428-29 (9th Cir. 2003).  None of the partners of Litton, either limited or general, is incorporated in, has a principal place of business in or is domiciled in the State of California, but each is a citizen of a state other than the State of California.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, Litton is a citizen of a state other than the State of California.

17.     MERSCORP and MERS are corporations organized under the laws of the State of Delaware, with their respective principal places of business in the Commonwealth of Virginia.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, MERSCORP and MERS are citizens of a state other than the State of California.  See 28 U.S.C. § 1332(c)(1).

18.     Plaintiffs' identification of "DOES … 1-100 … and ROES corporations 1 to 30 …, and all other persons and entities unknown claiming any right" in plaintiff's property, Complaint at 2:4-20, is irrelevant to the Court's determination of whether there is complete diversity of citizenship, because the citizenship of defendants sued under fictitious names must be disregarded.  28 U.S.C. § 1441(a); see also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that "[i]t was proper for the district court to disregard" unidentified "Doe" defendants for purposes of determining diversity jurisdiction).

19.     There is complete diversity of citizenship for purposes of federal jurisdiction under 28 U.S.C. § 1332(a) because plaintiff is a citizen of California and each defendant that has been properly joined is a citizen of a state other than California.

**(b)     The Amount In Controversy Exceeds $75,000**

20.     The Complaint alleges, among other things, that plaintiff entered into a mortgage loan agreement with his lender on or about June 14, 2006.  See Complaint at 4:10-13 and 6:2-4.  Plaintiff's loan was for the original principal amount of $376,000.00.  See Exhibit A to the Declaration of Christopher Spradling ("Spradling Decl."), dated July 27, 2010 and filed contemporaneously herewith.  The Complaint purports to assert ten separate causes of action based upon, among other things, plaintiff's allegations regarding fraud in connection with: (1) the origination and servicing of

1  plaintiff's mortgage loan; and (2) the formation and operation of the so-called MERS system.

2      21.    For relief, Singh requests: (a) an order for "rescission" of his mortgage loan; (b) damages in excess of $10,000; (c) a declaration that plaintiff is the owner of the subject property "in fee simple" and that defendants "have no estate or interest whatsoever" in the property; (d) an order compelling defendants to effectuate a modification of the terms of plaintiff's loan; (e) a declaration that defendants have no right to foreclose on the subject property; (f) a declaration that the trustee sale be declared null and void; and (g) damages under AB 489, AB 901, the FHA, and for emotional distress.  See Complaint Prayer for Relief (Exhibit A).

    22.    Regardless of the amount of monetary relief Singh may claim as damages, the amount in controversy requirement is satisfied by Singh's request that his loan be cancelled and that further foreclosure activity on his property be enjoined.

    23.    It is well-settled that "the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."  Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S., 389 F.3d 1, 3 (1st Cir. 2004); see also Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation"); Henderson v. Nationstar Mortgage Co., LLC, No. C07-2039JLR, 2008 WL 302374, at *1 (W.D. Wash., Jan. 31, 2008) (holding "object of this litigation is a loan between Plaintiff and Defendant, secured by a mortgage and a deed of trust, with a sum owed of $349,221.80").

    24.    In this case, the object of plaintiff's suit is, among other things, to obtain: (a) an order for "rescission" of his mortgage loan; (b) a declaration that plaintiff is the owner of the subject property "in fee simple" and that defendants "have no estate or interest whatsoever" in the property; and (c) a declaration that defendants have no right to foreclose on the subject property.  Complaint Prayer for Relief (Exhibit A).

    25.    By seeking to rescind his mortgage loan, void defendants' interest in his property, and enjoin foreclosure, Singh puts the entire value of his mortgage loan at issue in this case.  As noted

1  above, the original principal balance of plaintiff's 2006 loan is approximately $376,000.00.  See
2  Exhibit A to Spradling Decl.  Plaintiff has not made a payment on his loan since August 1, 2008.
3  Spradling Decl. ¶ 6.  Further, as of the date of the Complaint, and the date of this Notice of Removal,
4  the outstanding principal balance on plaintiff's loan is in excess of $372,000, exclusive of unpaid
5  interest, late charges, escrow advances and other advances, if any.  See id. at ¶¶ 6-7.  Thus, it is
6  beyond any doubt that the "pecuniary consequences" of the rescission of plaintiff's note and deed of
7  trust, and declaratory relief preventing foreclosure exceeds $75,000.00.  See Richard C. Young &
8  Co., LTD., 389 F.3d at 3; see also Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (stating
9  that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset,
10 is the amount in controversy"); see also Henderson, 2008 WL 302374, at *1 (citing Garfinkle v.
11 Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973)).

12      26.     Thus, the jurisdictional amount in controversy requirement is satisfied because Singh
13 seeks an amount in excess of $75,000.00 exclusive of costs and interest.

14      27.     Because there is complete diversity of citizenship and the amount in controversy
15 exceeds $75,000.00 exclusive of costs and interest, the Court has jurisdiction over plaintiff's claims
16 pursuant to 28 U.S.C. § 1332.

### III.   PROCEDURAL COMPLIANCE

18      28.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is
19 filed within thirty (30) days after the receipt by Litton of a copy of the summons and the initial
20 pleadings setting forth the claim for relief on which this removal is based.

21      29.     Pursuant to 28 U.S.C. § 1441 et seq., the right exists to remove this case from the State
22 Court, to the United States District Court for the Eastern District of California, Fresno Division,
23 which embraces the place where the action is pending.

24      30.     The United States District Court for the Eastern District of California, Fresno
25 Division, embraces the county in which the state court action is now pending, and thus, this Court is a
26 proper venue for this action pursuant to 28 U.S.C. § 84(b).

27      31.     No previous application has been made for the relief requested herein.

28      32.     The consent of fictitious parties, such as the so-called "Doe" and "Roe" defendants is

not necessary to effectuate removal of this action.  See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, n.1 (9th Cir. 1988).  Moreover, where the state court docket does not reflect that MERS and MERSCORP have been served, removal is proper even without those defendants' consent. Hopper v. Kmart Corp., No. 06-1241-KI, 2006 WL 3043112, at *1 (D. Or. Oct. 24, 2006) (defendant "could not have known from the state court docket that [co-defendant] had been served at the time it filed its removal petition, [thus] the 'non-served defendant' exception applies").

33. Pursuant to the provisions of 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of the Complaint bearing Civil Action No. 10 CE CG 01895, filed in the State Court.

34. Written notice of the filing of this Notice of Removal will be served upon plaintiff, in pro per by First Class United States Mail, postage prepaid, at the address listed in the Complaint.

35. A true and correct copy of this Notice of Removal will be filed with the clerk of the State Court, as required by law, and served upon plaintiff in pro per.

**WHEREFORE**, Litton hereby removes this case from the State Court to this Court.

Respectfully Submitted,

LITTON LOAN SERVICING LP,

By its attorney,

Dated: July 27, 2010   By:   */s/ Matthew B. O'Hanlon*
Matthew B. O'Hanlon
Attorneys for Litton Loan Servicing LP