# Exhibit 1

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In Re:** | **MDL Docket No. 2119** |
| **MERS Litigation** | |

**NOTICE OF TAG-ALONG ACTION**

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, defendant Litton Loan Servicing LP ("Litton") hereby notifies the Clerk of the

Judicial Panel on Multidistrict Litigation ("the Panel") of the potential "tag-along action" styled,

John Singh v. Litton Loan Servicing LP a Texas Corporation; MERSCORP, Inc, a Virginia

Corporation; Mortgage Electronic Registration Systems, Inc., a subsidiary of MERSCORP., Inc.,

a Delaware corporation; and DOES individuals 1-100, inclusive, and ROES corporations 1 to 30,

inclusive, and all other persons and entities unknown claiming any right, title, estate, lien or

interest in the real property described in the Complaint adverse to plaintiff's ownership, or any

cloud upon plaintiff's title thereto, Civil Action No. 1:10-cv-01355-LJO-GSA ("Singh"), which

action is currently pending in the United States District Court for the Eastern District of

California.[1]  Plaintiffs filed the Complaint in this action in the Superior Court for Fresno County, California on or about June 3, 2010.  See Exhibit A  Litton removed the action to the United States District Court for the Eastern District of California on July 27, 2010.  See Exhibit B.

On December 7, 2009, the Panel transferred six class actions to the United States District Court for the District of Arizona for consolidated pre-trial proceedings before the Honorable Judge James A. Teilborg in the above-styled MDL proceeding (the "MERS MDL").  See Panel's Transfer Order, dated December 7, 2009 ("Transfer Order"); see also first Conditional Transfer Order, finalized on January 25, 2010 ("CTO-1") (transferring seven actions); second Conditional Transfer Order, finalized on February 16, 2010 ("CTO-2") (transferring thirty-eight actions); third Conditional Transfer Order finalized on March 25, 2010 ("CTO-3") (transferring seven actions); fourth Conditional Transfer Order finalized on April 8, 2010 ("CTO-4") (transferring one action); fifth Conditional Transfer Order issued on April 27, 2010 ("CTO-5") (transferring seven actions); sixth Conditional Transfer Order issued on May 19, 2010 ("CTO-6"); seventh Conditional Transfer Order finalized on July 2, 2010 ("CTO-7") (transferring six actions).[2] Pursuant to 28 U.S.C. § 1407, the Panel found that the transferred actions involve common questions of fact concerning "the formation and operation of the MERS system."  See, e.g., Transfer Order at 2.

---

[1] A copy of the Singh Complaint is attached hereto as Exhibit A.  On July 27, 2010, Litton removed the Singh action from the Superior Court for Fresno County, State of California to the United States District Court for the Eastern District of California (Fresno Division).  The federal court first assigned a temporary number, No. 1:10-at-00549 to the matter.  On July 29, 2010 the Court assigned the case a permanent number, No. 1:10-cv-01355-LJO-GSA and assigned the case to the Honorable Lawrence J. O'Neill.  A copy of the Court's docket as of July 29, 2010 is attached as Exhibit B.

[2]     The actions transferred by the Transfer Order, CTO-1, CTO-2, CTO-3, CTO-4, CTO-5, CTO-6, and CTO-7 are herein collectively referred to as the "transferred actions."

The Complaint in <u>Singh</u> alleges, among other things, that Litton and others "conspire[d], and agree[d] among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage" in allegedly fraudulent activity related to the so-called "MERS system." Complaint ¶ 65. Specifically, plaintiff contends that defendants "intentionally created, managed, operated and controlled the MERS system with the unlawful intent and for the lawful purpose of making it difficult or impossible for plaintiff and other victims of such industry wide predatory policies and practices to identify and hold responsible the persons or entities responsible for the unlawful actions alleged" in the Complaint. Complaint ¶ 70; <u>see</u> <u>also</u> Complaint ¶¶ 4; 11; 65-79. Thus, <u>Singh</u> involves common questions of fact with the transferred actions and is a potential "tag-along action," as defined by Rule 1.1 of the Panel's Rules of Procedure. Specifically, each of the complaints in the transferred actions alleges, among other things, a conspiracy between MERS and other defendants "to intentionally hide from plaintiffs the true identity of the actual beneficial owners of negotiable promissory notes." Transfer Order at 2; <u>see</u> <u>also</u> CTO-1 at 1; CTO-2 at 1; CTO-3 at 1; CTO-4 at 1; CTO-5 at 1; CTO-6 at 1; CTO-7 at 1. Similarly, the Complaint in <u>Singh</u> alleges substantially similar claims arising from the alleged fact that defendants "intentionally created … the MERS system with the unlawful intent … of making it difficult or impossible for plaintiff …to identify and hold responsible the persons or entities responsible for the unlawful actions alleged" in the Complaint. <u>Compare</u> Transfer Order at 2, <u>and</u> CTO-1 at 1, <u>and</u> CTO-2 at 1, <u>and</u> CTO-3 at 1, <u>and</u> CTO-4 at 1, <u>and</u> CTO-5 at 1, <u>and</u> CTO-6 at 1, <u>and</u> CTO-7 at 1, <u>with</u> Complaint ¶ 70, <u>and</u> ¶¶ 4; 11; 65-79.

Because <u>Singh</u> involves common questions of fact with the transferred actions, Litton respectfully requests that the Panel include the action as a tag-along action to the MERS MDL.

Dated: July 29, 2010

Respectfully submitted,

LITTON LOAN SERVICING LP,

by its attorneys

R. Bruce Allensworth
Brian M. Forbes
Gregory N. Blase
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel. (617) 261-3100
Fax  (617) 261-3175
Email:  bruce.allensworth@klgates.com
        brian.m.forbes@klgates.com
        gregory.blase@klgates.com

## PROOF OF SERVICE

I, Gregory N. Blase, hereby certify that on July 29, 2010, the original of the foregoing **NOTICE OF TAG-ALONG ACTION** was filed with the Judicial Panel on Multidistrict Litigation by first-class mail, postage prepaid and by email to JPMLeFILE@jpml.uscourts.gov. I further certify that I caused to be served a copy of the foregoing on plaintiff *in pro per* in the Singh action by electronic transmission to the Office of the Clerk of the United States District Court for the Eastern District of California using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing and by first class United States Mail, postage prepaid to 2777 North Western Avenue, Fresno, California 93722.

Gregory N. Blase

# Exhibit A

1   John Singh
    2777 N. Western Ave.
2   Fresno, CA 93722
    (858)442-5428
3   clsinc1@gmail.com
4   Plaintiffs: in pro per



5           SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                   FOR THE COUNTY OF FRESNO

7

8

9   John Singh, an individual, as          )   CASE No.:
                                            )
            **Plaintiff**                   )   DEPT. No.:
10                                          )
            vs.                             )   **COMPLAINT**
11                                          )
    Litton Loan Servicing, a  Texas Corporation;  )   **1. Violations of Unfair Lending Practices-**
12  MERSCORP, INC., a Virginia Corporation,  )      **AB 489, AB 901**
    MORTGAGE ELECTRONIC              )   **2. Violations of the Real Estate Settlement**
13  REGISTRATION SYSTEMS, INC. a     )   **Procedures Act ("RESPA"), 12 U.S.C. §2601 et. Seq**
    subsidiary of MERSCORP, Inc., a Delaware  )   **3. Violations of Fair Credit Reporting Act**
14  corporation; AND DOES I individuals 1 to  )   **4. Conspiracy To Commit Fraud and Conversion**
    100, Inclusive; and ROES Corporations 1 to  )   **5. Conspiracy To Commit Fraud Related to MERS**
15  30, Inclusive; and all other persons and entities  )   **System**
    unknown claiming any right, title, estate, lien  )   **6. Unjust Enrichment**
16  or interest in the real property described in the  )   **7. Emotional Distress**
    Complaint adverse to Plaintiff's ownership, or  )   **8.QuietTitle**
17  any cloud upon Plaintiff's title thereto,  )   **9. Fraud In The Inducement**
18                                          )   **10. Injunctive Relief & Declaratory Relief**
            **Defendants.**                 )
19

20

21

22                          **<u>COMPLAINT</u>**

23

24          COMES NOW Plaintiff, John Singh *In Pro Per*, an individual , and hereby

25  submits the Complaint against the Defendants; Litton Loan Servicing, a  Texas Corporation;

26  MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION

27  SYSTEMS, INC. a subsidiary of MERSCORP, Inc., a Delaware corporation;  and states as

28  follows:

            COMPLAINT OF PLAINTIFF TO DEFENDANTS - 1



## JURISDICTION AND PARTIES

1. Plaintiffs are resident and at all times material herein, has been and continue to be a resident of the Fresno County, State of California.

2. Upon information and belief, Defendants, as named herein, and DOES, Individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto. (hereinafter referred to as "Defendants") are mortgage bankers, brokers, and mortgage related service providers regularly and continuously conducting business in the State of California at all times relevant hereto.

3. The true names and capacities of Defendants named herein as DOES Individuals 1 to 100, inclusive, and ROES Corporations 1 to 30, inclusive, whether individuals, corporations, or other entities are unknown to Plaintiffs at the present time; however, it is alleged upon information and belief, that these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiffs about which, is presently aware. As the specific identity of these parties are revealed through the course of discovery, the Plaintiffs will ask leave of the Court to amend the Complaint so that the DOES and/or ROES appellations will be replaced to identify these parties by their true names and capacities.

4. This court has jurisdiction over the parties and the subject matter herein, as the subject property of this action and the conduct of the parties is located in the State of California.

5. Jurisdiction is founded upon 28 U.S.C. §1331, as this matter presents issues of federal law, and this Court has jurisdiction over the subject matter of this action pursuant to the laws of the United States, including but not limited to, 42 U.S.C.§3601and California law.

6. This court also has jurisdiction pursuant to 28 U.S.C. §1332 based on diversity of citizenship, as Plaintiff is a resident of the State Of California; some Defendants maybe foreign to the State of California, but this court has Jurisdiction based on the "Long Arm Statutes" as all defendant parties as named herein were at all times conducting business in California, also as the subject matter jurisdiction pertains as the subject events took place within the State of California, therefore subject to California law and this court herein as filed.

7. This Court also has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C §1367.

8. Venue is proper as this Court pursuant to 28U.S.C.§1391(b). the acts complained of occurred, in substantial part, in the State of California, the alleged owner of the subject property resides in  and at all times relevant hereto, the Defendants were doing business in California.

9. Plaintiff  is a resident of Fresno County, State of California.

10. At all times material and relevant hereto, Plaintiff John Singh  maintained Plaintiff's primary residence in Fresno County, California with the legal description of :

**Western Estates No 3207, Plat book 38, Page 60, Lot 4, and by Certificate of record on 11/21/1979 in Map Book thereof No.2006-0124166 in the City of Fresno, County of Fresno, State of California.**
                              **APN# 312-062-10**

Plaintiff's primary residence as described above is commonly referred to and located at  2777 N. Western Ave. ,       Fresno, CA 93722.

11. Upon information and belief, numerous Defendants as named herein are doing business in the State of California  and, at all times material hereto, are a creators, originators, and shareholders of MERSCORP, Inc and a member of the MERS system described herein. Upon information and belief, these Defendants through its agents and employees, are chartered seat on the MERSCORP, Inc. and/or MERS, Inc. board of directors.

12. Upon information and belief, Defendant parties are authorized to do business in and doing business in California and at all times material hereto were and are currently a member of the MERS system described herein and a shareholder in MERSCORP, INC. and is now wholly owned by Bank of America.

13. Upon information and belief, all other Defendant parties as named to the action herein were authorized to do business in and doing business in California and at all times material hereto and are members, agents, and affiliates as members of the MERS system described herein .

### GENERAL ALLEGATIONS

1. Plaintiff's general allegations are incorporated throughout the entire complaint.

2. That on or about June 14, 2006, Plaintiff secured loan by virtue of a First Trust Deed and subsequently serviced by the Dfendant parties herein, for the purpose of purchasing Plaintiff's residence located at:     2777 N. Western Ave. ,       Fresno, CA 93722 (hereinafter referred to as "Residence").

3. In the United States home purchases are typically financed by mortgages or loans that are secured by a deed of trust and note which, when executed on behalf of the same entity and held by the same entity as a "note and deed of trust", entitle the holder of the note and deed of trust to foreclose on the property of the borrower if the borrower is in default without legal recourse.

4. From 2003 through 2007, the Defendants entered into mortgages with deeds of trust and notes that were separated after the execution of the mortgages , the note was sold to an investor who literally and actually provide the funds for funding the loan given to the borrower. Prior to or immediately after the contract was signed by the borrower, the note was funded by a party other than the originator or servicer of the loan.

5. The Mortgage Electronic Registration System was created by the Defendants identified herein as co- conspirators in relation to the MERS system with the specific intent that **MERS would be named as beneficiary** as the nominee of the lender on the deed of trust which the Plaintiffs , wherein a company which was acting as a MERS member named as beneficiary for the same purpose of **not** holding beneficial interest, were induced into signing.

6. The foreclosure was initiated against the Plaintiffs by parties with *no standing to commence or maintain any foreclosure proceedings and who were strangers to the purported loan transactions* and which were and are unknown to the Plaintiff and, moreover, did not fund the loan of the Plaintiff and are not owed any funds to be repaid by the Plaintiff.

7. The foreclosure on the Plaintiff's home as complained herein were initiated by Defendants who had and have no lawful right to initiate, advance or maintain any foreclosure action against the Plaintiffs or the subject residence.

8. The Defendants named herein, participated in a conspiracy to cause the Plaintiffs to enter into instruments that would result in the foreclosure of the Plaintiff's home, to initiate foreclosure on the Plaintiff's home without the right to do so; and the Defendants have been unjustly enriched by the payments of the Plaintiffs on the notes.

9. The lenders and investors in mortgaged backed securities, including the Defendants as named herein, have *sought bail out monies from the United States Government.*

10. The lenders and investors in mortgaged backed securities, including the Defendants as named herein, have used the bailout monies *to repay investors* who funded the loan of the Plaintiffs, thus *having no liability for the note and no right to collect on the note and no right to initiate foreclosure on the Plaintiffs' home.*

11. That the Defendants, disclosure was and to this day not fully clarified and seemingly selectively processed so as to secure the real estate loan (hereinafter referred to as "Loan") and as of today, *true* original and/or copy versions of Application, and Promissory Note as whereabouts are unknown and as *MERS is listed as beneficiary.*

12. That the terms and conditions of the loans as it would progress through time was not fully explained to the Plaintiffs. It is " but for" the over zealous predatory "*glittering generalities*" presented to the Plaintiffs by and of agents of the Defendants within the various protocols of the lending process, that this loan was neither proper nor suitable for Plaintiff's condition and station in life. The loan exceeded the reasonable expected value of the property now and in the foreseeable future. As to this day, there is no evidence of *valid* appraisals to justify the loan much less the process.

13. That while Plaintiffs was lead to believe the representation made by Defendants, it is only that this loan was an attempt to acquire and promote, mortgage broker

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 5

premises, alleged appraiser fees, lender service fees, and to pay a sub prime loan all to the advantage of the Defendants and to the disadvantage of the Plaintiffs.

14. That on or about the 14th day of June, 2006, Plaintiff entered into a Loan agreement in the amount of $419,097.41, with Defendant's, whereby a Promissory Note and Deed of Trust were created to evidence Plaintiff's indebtedness to Defendant, all the while believing in good faith the Plaintiff was purchasing the "*American*" dream, when in reality, as these proceedings will come to unveil, was a nightmare maze of predatory lending practices bestowed upon the Plaintiffs in bad faith and in violation of Federal & State law by the Defendant parties.

15. That the Defendant's action along with other soon to be discovered DOES and ROES, as alleged, through a concerted action and civil conspiracy, have intentionally created an unjust detriment of civil, and social disadvantage to Plaintiff and damages intrinsic thereof as pled within this compliant.

16. That the Plaintiffs were not provided with sufficient time to read all the documents at the closing of the loan transaction, and was not provided with a copy of all the documents, including certain documents regarding the cost of the credit Plaintiff received. Certain of these documents provided to the Plaintiff are mandatory and required to be provided by the lender to a borrower under the Federal Truth in Lending Act (hereinafter referred to as "TILA").

17. That the Defendant(s), and agents thereof *acted intentionally* as the "mortgage broker" or "lender", "trustee" under the above-referenced Loan.

18. That the Defendants, soon to be named and discovered DOES and ROES, also with predatory and less than transparent intents as, trustees, loan processors and service providers for the above-referenced Loan transactions.

19. That the Defendants did not generate a *true and correct copies* of the Residential Loan Application (hereinafter referred to as "1003A"), in connection with Loan, or if a *true and correct* copy 1003A was generated it has not been produced or a copy of it cannot be located.

20. That Defendants used the MERS system to engage in propel deceptive practices within the loan industry and in violation of Federal and State laws all over the United States and the Plaintiff's loan herein is no exception. That Defendant(s), in separately

and/or in concert have attempted to abuse due process and mislead the courts as to exercise bad faith foreclosure proceedings and transfers of "Deeds of Trust" all to the severe detriment of the Plaintiff.

21. That Plaintiff had no true understanding to re- finance or to arrive at good faith modification of the loan "but for" being coerced and mislead by Defendants so as to an abuse of process in the non judicial foreclosure of the loan all under the guise of providing a *(fabricated)* loan modification program.

22. That the Plaintiff was not given *any just* right to exercise good faith negotiations "but for" the bad faith and underhanded dealings of the Defendants.

23. That Plaintiffs is the true and lawful owner of certain real property with legal description as described and incorporated by reference as it fully set forth herein.

24. That Plaintiffs was unable to make payments to Loan due to high monthly payments and unfairly targeted for predatory terms.

25. That Plaintiffs was, and continues to be, harassed by Defendants and unknown parties to vacate the property.

## FIRST CLAIM FOR RELIEF
### (Violations of Unfair Lending Practices- AB 489-AB901)

26. Plaintiff realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

27. The Defendants herein, continued to enforce mortgages secured by Plaintiff's home that included no evaluation of any commercially reasonable means or mechanism that would demonstrate the Plaintiff's capacity to repay, especially related to as qualified by the defendants only on the basis of credit score and collateral market value or stated income that was not verified.

28. Defendants herein knew or should have known that the loan made to Plaintiffs herein was based on limited verification as to the Plaintiffs to repay the loan when and how the loan was structured to allow for thereof.

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 7

29. The Defendants knew or should have known that the originators of the loans made promises to the Plaintiff that refinancing would be available when or if any monthly payments on the Adjustable Rate Note increased.

30. Defendants actions as complained herein constitute unfair lending practices and violated the protections of the Plaintiff guaranteed under AB 489, AB 901 and the Plaintiff was damaged as a result thereof as alleged herein.

31. That in the event it becomes necessary for Plaintiffs to retain the services of an attorney to prosecute this claim and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF

### (Violations of the Real Estate Settlement Procedures Act (hereinafter referred to as "RESPA"), 12 U.S.C. §2601 *et. Seq.* - all named Defendants)

32. Plaintiff realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

33. That the Defendants have failed to respond to the Plaintiffs "Qualified Written Request Letter" (QWR) in blatant violation the "RESPA".

34. That the Defendants in violation of "RESPA" exercised the willful intent in "constructive obstruction" to any resolve concerning the matters herein concerning the Plaintiff in violation of the "RESPA".

35. That Defendants did not furnish Plaintiff the correct Notice of Servicing that the loan may be assigned, sold or transferred to any other person in violation of 12 U.S.C. 2605 (a).

36. That Plaintiffs has suffered harm and is statutorily entitled to actual damages, and in the case of a pattern or practice of noncompliance, damages in excess of $10,000.00.

37. That Defendants individually or collectively received kickbacks, unearned fees, or a thing of value as part of the real estate settlement, entitling Plaintiff to three (3) times the amount of the charge paid for such settlement service.

38. That is has been necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## THIRD CLAIM FOR RELIEF

### (Violations of Fair Credit Reporting Act -"FCRA")

39. Plaintiffs realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

40. That Defendants willfully did not use any commercially reasonable means to determine if Plaintiff had the ability to repay the loan prior to extending *credit* to Plaintiffs.

41. At all relevant times in this lawsuit, Defendants s qualified as a provider of information to Credit Reporting Agencies under the Fair Credit Reporting Act and reported negative marks against the Plaintiff.

42. The Defendants knew the plaintiff was disputing the Transactions herein, as set forth in writing, yet the defendants continued to make negative marks on Plaintiff's credit Report.

43. The Plaintiffs are entitled to maintain a separate cause of action against the Defendants for an award of damages in the amount to be proven at the time of trial for all violations of FCRA which caused actual damage to the Plaintiff, including emotional distress, humiliation, under 15 U.S.C.§1681s-2-(b).

44. The Defendants violated 15 U.S.C.§1681s-(a)(3) by failing to notify the consumer reporting agencies that the debt was disputed.

45. Plaintiff is entitled to recover damages from Defendants for negligent non-compliance under 15 U.S.C.§ 1681o.

46. Plaintiff is entitled to recover damages from Defendants for making negative reports under FCRA and RESPA.

47. Plaintiffs are entitled to an award of punitive damages against Defendants for willful non-compliance under 15 U.S.C.§1681n(a)(2) in amount to be proven at trial.

48. Plaintiffs suffered damages in an amount of not less than $2000.00 including loss of credit.

49. That in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

### FOURTH CLAIM FOR RELIEF

#### (Conspiracy To Commit Fraud and Conversion)

50. Plaintiffs realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

51. Defendants  parties as lenders, Securitizes, and/or servicers participating in the MERS system formed an association to conspire to deprive Plaintiffs of the subject property through fraud and misrepresentation that would result in Plaintiff entering into loan agreements for which Plaintiffs was ultimately not qualified  and which would eventually result in Plaintiffs' inability to make payments and stay within the subject residence.

52. Upon information and belief, in furtherance of the conspiracy, Defendants intended that the Plaintiffs' loan would be packaged with other loans and sold on the secondary market, resulting in a profit to Defendants.

53. Defendants and each of them, knew prior to their origination of the loans or acceptance of the loans for servicing and subsequent transfer of the loans that Plaintiff was not qualified to make payments under the loan terms; however, defendant's knew or should have known that Plaintiffs would rely, and did rely on defendants representations, or the representations of defendants agents, as alleged herein related to Plaintiff's ability to repay the loan or to refinance the loan in taking the loan and signing the documents.

54. As previously alleged, herein, Defendants violated the Federal fair Housing Act, and A B 489 , AB 901 as alleged herein in procuring Plaintiff's signature on the loan documents.

55. Defendants legal objective of packaging the loan made to the Plaintiffs with other loans and selling the loan was accomplished by illegal means in procuring the loans because of Defendants violation of the Federal Fair Housing Act and California statutes as alleged herein.

56. Upon information and belief, Defendants knew that the loans would be subject to foreclosure as a result of Plaintiff's inability to make payments on the loan as payments escalated during the term of the loans and/or as a result of Plaintiff's inability to qualify to refinance the loan at a later date after the Payments began to escalate because of changes to the interest rates and arbitrary increase of payments by the servicers of the loans, and thus the Defendants committed acts which constitute unlawful stripping.

57. Upon information and belief, the escalating payments and/or increases in the interest rate were not properly disclosed to Plaintiffs.

58. Defendants intended that the Plaintiffs would default on the loan and defendants would be in a position of seizing the Plaintiff's home in foreclosure actions unlawfully depriving Plaintiffs of his home.

59. Defendants , each of them, in furtherance of the conspiracy and agreement alleged herein, acted in a concerted manner to target Plaintiffs as borrower, to misrepresent the loan terms and/or to misrepresent Plaintiff's qualification for the loans, knowing that such action or actions would result in Defendant's ultimate possession of the home of the Plaintiffs following foreclosure.

60. As a result of the Defendants' conspiracy described herein, the Plaintiffs has suffered injuries which include mental, anguish, emotional distress, embarrassment, humiliation, loss of reputation and a decreased credit rating , as of which has, or will impair Plaintiff's ability to obtain credit at a more favorable rate than before the

decrease in credit rating, the loss or anticipated loss of his home and other financial losses according to proof including the court cost and fees incurred in this matter.

61. Defendants conspiracy to unlawfully deceive Plaintiffs into taking out the subject loan when and how they did as alleged herein was willful and wanton, justifying award for punitive damages.

62. That Defendants are with *scienter* concerning such actions as alleged.

63. That in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

### FIFTH CLAIM FOR RELIEF
**(Conspiracy To Commit Fraud Related to MERS System)**

64. Plaintiff realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

65. Upon information and belief, The Defendants as named herein and each of them, did willfully and knowing conspire and agree among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage in fraudulent and predatory lending practices perpetrated on the Plaintiffs alleged herein by the actions of the defendant conspirators as part of the business policies and practices of each defendant conspirator in participating in the MERS system.

66. Upon information and belief, the Defendant conspirators are or have been shareholders in MERSCORP, Inc., MERS, Inc and/or members of the MERS system and as to Defendant conspirators have, through their employees and agents, served as members of the Board of Directors of MERSCORP, Inc. and /or MERS, Inc. and participated in the design and co-ordination of the MERS system described in this complaint.

67. The Defendants as named herein are in participation as shareholders, directors, operators, or members of MERSCORP, Inc. and/or MERS, Inc. in which, is the

operating company that owns and operates the MERS system as described herein and is the parent company of Mortgage Electronic Registration Systems, Inc.(MERS, Inc)

68. The Defendant, Federal National Mortgage Association is a director of MERS, Inc. and/or MERSCORP, Inc.

69. The Defendants, *are Members of MERS, Inc.*

70. Upon Information and belief, the defendants herein, have conspired among themselves and other unknown parties to *(a) develop a system of earning profits from the origination and securitization of residential loans without regard for the rights of the Plaintiff and other similarly situated, by engaging in predatory and deceptive residential lending practices as alleged herein;(b)in furtherance of the system (MERS) the Defendant conspirators intentionally created, managed, operated and controlled the MERSCORP, Inc. and/or MERS, Inc. for the specific purpose of MERS, Inc. being designated as a "sham" beneficiary in the original deeds of trusts securing the Plaintiff's loan and other similarly situated individuals;(c)Defendants intentionally created, managed, operated and controlled the MERS system with the unlawful intent and for the lawful purpose of making it difficult or impossible for the Plaintiffs and other victims of such industry wide predatory policies and practices to identify and hold responsible the persons or entities responsible for the unlawful actions of the defendants as named herein.*

71. Upon information and belief, the defendant conspirators, through the creation of MERS system as alleged herein, adopted and implemented residential lending guidelines for use in California and in other states which:

(a) were intended to , and did, generate unprecedented profits for the Defendant conspirators and their co-conspirators at the expense of the Plaintiff and other persons who were fraudulently induced by the Defendant conspirators and their co-conspirators into taking out loans that were known by the Defendant conspirators and their co-conspirators, at the time the loans were originated, and(b)were likely to result in foreclosure of the loans and loss by the plaintiff and other borrowers of their

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 13

homes, with reckless disregard and intentional indifference by the Defendant
conspirators and their co-conspirators of the likelihood of such foreclosure.

72. That removing real estate transaction records from public record maintained by
county clerks prevents over sight of real estate transactions by the public and public
officials, The defendants as working within as part of MERSCORP in formed its co-
conspirators that using the MERS system would remove transaction records from the
public record and has publicly stated "MERS eliminates the need to prepare and
record assignments when trading residential and commercial mortgage loans." As
MERS becomes the mortgagee in the county land records, no assignments during
subsequent sale and transfer between MERS members, no dependency on corporate
name used on closing documents  and corresponding corporate name on the MERS
System  because the MERS System is not the legal system of record of ownership of
mortgage loans".

73. Upon information and belief, the MERS system was directly created for the unlawful
hiding and insulating of brokers and originators of predatory toxic loans from
accountability and liability  such as the loan affecting the Plaintiffs herein.

74. Defendants herein acted as creators for the conspiracy to hide their unlawful activity
of their co-conspirator agents and brokers and also acted and participated in actions
such as Lenders , Servicers and Securitizers within the conspiracy.

75. Accordingly the Defendants actions constitute a violation of federal and state lending
law that have directly affected the Plaintiffs herein.

76. The defendants have , profited from their respective roles in originating the loans,
selling them, and pooling their MERS registered home loans together in large bundles
which were sold and turned into financial derivative instruments;

77. Defendants' knowingly misrepresented material representations to the Plaintiff on
Application, and re application under a misrepresented attempt to modify and
negotiate to keep her home while other Defendants' parties were proceeding in
foreclosure without proper notice, due process, and fair dealing, all a violation of

California statutes all "but for" the defendants greed and benefits through the MERS system.

78. The Plaintiff could not through the exercise of reasonable due diligence provide protection to mitigate damages or take affirmative action in protection of best interests under the circumstances as created by the Defendant parties.

79. That in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

80. Plaintiff realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

81. Due to the unfair and deceptive nature of the Plaintiff's loan transaction, the defendants were paid excessive interest and fees for loan amounts that were unjustified.

82. The Defendants are therefore in possession of money that belongs to the Plaintiff and has deprived Plaintiffs of its possession and enjoyment.

83. As a direct and proximate result of the defendant's misconduct, plaintiff has sustained actual, special, and consequential damages in excess of $10,000.00

84. That in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## SEVENTH CLAIM FOR RELIEF

### (Emotional Distress- all named Defendants)

85. Plaintiff realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 15

86. That as a result of Defendants' unlawful and illegal actions, Plaintiffs has suffered extreme personal, mental, emotional anguish.

87. That as a result of Defendants' unlawful foreclosure process, Plaintiffs has been denied the quite enjoyment of her property and homestead.

88. That as a result of Defendants' unlawful and illegal actions, Plaintiffs has lost a substantial amount of his financial and emotional well-being.

89. That as a result of Defendant's unlawful and illegal actions, Plaintiffs has been damaged in an amount in excess of $10,000.00 and is entitled to money damages, punitive damages, and other relief as the Court finds to be just and proper. And that in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to attorney fees and costs of suit incurred herein.

## EIGHTH CLAIM FOR RELIEF

### (Quiet Title - all named Defendants)

90. Plaintiffs realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

91. That Defendants herein have improperly and/or unlawfully recorded a Notice of Breach and Election to Sell and Foreclosure against the subject property and have begun the foreclosure process, or have improperly and/or *unlawfully actually foreclosed on the subject property pursuant to the above referenced Deed of Trust*.

92. That the actions of Defendants in initiating the foreclosure process by recording the Notice of Breach and Election to Sell constitute libel of title against the subject property. Defendants have foreclosed under California's power of sale foreclosure law, such foreclosure sale and/or transfer of title to Defendants or any third party is wrongful, invalid and a void transaction. Defendants have no power, authority, or right to foreclose or to sell, or convey title in any way of the subject property.

93. That Plaintiffs are entitled to an Order of the California Superior Court, quieting title to Plaintiffs and against the named Defendants or any third party acquiring title by invalid or void trustee's sale. That such Order is legally justified under California Statutes governing Quiet Title Actions and/or Declaratory Relief. And that in the event it is necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## NINTH CAUSE OF ACTION

### (Fraud in the Inducement)

94. Plaintiffs realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein

95. The Defendant benefited by their agents failing to disclose material terms of the loans and incidental services to the Plaintiff and others similarly situated, by inter alia failing to explain the fact that Plaintiffs and others similarly situated were not qualified to enter into the loans on the terms stated and failed to advise Plaintiffs of the fact that Defendants had no lawful right to foreclose upon the home of the Plaintiffs.

96. The Defendants benefited by concealment of the true terms of the loan, and the risk transactions, including but not limited to, negative amortization, prepayment penalty provisions, the risk of default and the risk of foreclosure, from the Plaintiffs.

97. Defendants misrepresented the Plaintiff's ability to qualify for the loan.

98. Defendants' knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the loan when and how he did.

99. Defendants intentional misrepresentations, and failure to disclose material terms of the transaction and failure to state that the defendants have no right to collect payments from the Plaintiff nor any right to foreclosure on Plaintiff's home , induced

the Plaintiff to enter into the loan when and how Plaintiff did so in resulting to the damages as plead to the matter herein.

100. That in the event it is necessary for Plaintiffs to retain the services of an attorney to further prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

## TENTH CAUSE OF ACTION

### (Injunctive & Declaratory Relief)

101. Plaintiffs realleges and incorporates by reference all preceding allegations of law and facts as it fully set forth herein.

102. The Loan agreements constitute a valid enforceable contracts.

103. Plaintiffs will likely succeed on the merits of his claims as set forth herein.

104. If the Defendant parties prevail in the sale and foreclosure of the subject property, Plaintiff will be irreparably harmed because the property is unique in nature and no adequate remedy at law exists to replace the property.

105. A temporary restraining order, preliminary injunction, and/or permanent injunction is necessary to: 1) prevent or rescind the Defendant parties from foreclosing on the subject property ; and 2) to stay/rescind/and /or vacate eviction proceedings 3)compel the Defendant parties to functionally modify the terms of the existing or a new loan on the subject Property.

106. Plaintiffs are entitled to judicial determination that the Defendant parties cannot sell, or convey the property so as to enforce the *Deed of Trust under false pretenses* and that the defendants, its assignees and/or successors be declared to have no right to foreclose and/or to evict Plaintiffs from the subject property.

107. That the trustee sale is to be declared null, void, and improper.

108. That it may be necessary for Plaintiffs to retain the services of an attorney to prosecute this action and, therefore, Plaintiff is entitled to reasonable attorney fees and costs of suit incurred herein.

**WHEREFORE,** Plaintiffs prays for a Judgment jointly and severally as follows:

1. That a rescission Order be entered by this Court against Defendants;

2. That Plaintiffs be awarded damages in an amount in excess of $10,000.00;

3. That by said Decree or Order, it be declared and adjudged that said Plaintiffs are the owner of the subject real property, in fee simple, and that Defendants, and each of them, have no estate or interest whatsoever, in or to the subject real property, land, and premises; and temporary restraining order and Injunction prohibiting any foreclosure action or eviction;

4. That the Defendants be compelled to modify or place a new loan on the subject property to effective and beneficial terms for all parties concerned.

5. That Defendants, its assignees and/or successors be declared to have no right to foreclose subject property and/or engage eviction proceedings against Plaintiffs;

6. That the trustee sale, if any, in favor of Defendants and/or other third party, be declared null and void;

7. For award of damages pursuant to A B 489, AB 901

8. For award for damages in violation of the Fair Housing Act as plead;

9. For award for emotional distress;

10. For necessary attorney fees and court costs of suit, with respect to the filing and prosecution of this lawsuit; and

11. For such other relief as the Court finds to be just and proper.

Dated this 3 day of May , 2010

Respectfully Submitted By:

John Singh
2777 N. Western Ave Ave.
Fresno, CA 93722
(858)442-5428
clsinc1@gmail.com

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 19

**VERIFICATION**

STATE OF CALIFORNIA COUNTY OF FRESNO.

John Singh, being first duly sworn, deposes and says:

That participation herein is as the Plaintiff in the above-entitled action; that as the Plaintiff herein, have read the foregoing Complaint, knows the contents thereof, and that the same is true of Plaintiffs' own knowledge, except for those matters alleged upon information and belief, and as to those matters, as Plaintiff herein, believes them to be true.

Dated: May, 3RD, 2010          John Singh
                               John Singh, ( *Plaintiff: in pro per*)

**ACKNOWLEDGEMENT**

Subscribed and sworn to before me this   3   day of May, 2010.

Signed:                   Seal:

NOTARY PUBLIC in and for the County of Fresno, State of California.

```
SHANT SOUREN BEDOYAN
Commission # 1831169
Notary Public - California
Fresno County
My Comm. Expires Feb 9, 2013
```

COMPLAINT OF PLAINTIFF TO DEFENDANTS - 20

# Exhibit B

CIVIL

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CIVIL DOCKET FOR CASE #: 1:10-cv-01355-LJO-GSA

Singh v. Litton Loan Servicing LP et al
Assigned to: District Judge Lawrence J. O'Neill
Referred to: Magistrate Judge Gary S. Austin
Demand: $300,000
Case in other court: Fresno County Superior Court, 10 CE
              CG 01895
Cause: 15:1601 Truth in Lending

Date Filed: 07/27/2010
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**John Singh**

represented by **John Singh**
2777 North Western Avenue
Fresno, CA 93722
Email: clsinc1@gmail.com
PRO SE

V.

**Defendant**

**Litton Loan Servicing LP**
*a Texas Corporation*

represented by **Matthew B. O'Hanlon**
K&L Gates, LLP
10100 Santa Monica Boulevard
Suite 700
Los Angeles, CA 90067
310-552-5000
Fax: 310-552-5001
Email: matthew.ohanlon@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian M. Forbes , PHV**
K & L Gates, LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100
Fax: (617) 261-3175
Email: brian.m.forbes@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory N. Blase , PHV**
K & L Gates, LLP

State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3100
Fax: (617) 261-3175
Email: gregory.blase@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Bruce Allensworth , PHV**
Kirkpatrick & Lockhart Preston Gates
Ellis, LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
617-261-3100
Fax: 617-261-3175
Email: bruce.allensworth@klgates.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Merscorp, Inc.**
*a Virginia Corporation*

represented by **Matthew B. O'Hanlon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian M. Forbes , PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory N. Blase , PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Bruce Allensworth , PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mortgage Electronic Registration Systems, Inc.**
*a subsidiary of MERSCORP; a Delaware corporation*

represented by **Matthew B. O'Hanlon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian M. Forbes , PHV**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory N. Blase , PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Bruce Allensworth , PHV**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/27/2010 | 1 | CIVIL COVER SHEET by Litton Loan Servicing LP (O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 2 | NOTICE of REMOVAL from Fresno County Superior Court, case number 10 CE CG 01895. by Litton Loan Servicing LP. (Attachments: # 1 Exhibit A to Notice of Removal, # 2 Exhibit B to Notice of Removal, # 3 Spradling Declaration in Support of Notice of Removal, # 4 Exhibit A to Spradling Declaration in Support of Notice of Removal, # 5 Exhibit B to Spradling Declaration in Support of Notice of Removal)(O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 3 | NOTICE of APPEARANCE by Matthew B. O'Hanlon on behalf of Litton Loan Servicing LP. (O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 5 | NOTICE *OF FILING of Corporate Disclosure Statement* by Litton Loan Servicing LP. (O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 6 | CERTIFICATE of SERVICE by Litton Loan Servicing LP re 5 Notice - Other, 2 Notice of Removal, 3 Notice of Appearance, 1 Civil Cover Sheet. (O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | | RECEIPT number #CAE100011784 $350.00 fbo Litton Loan Servicing LP by Linda K. Doyle on 7/27/2010. (text entry only) (Martin, S) (Entered: 07/27/2010) |
| 07/27/2010 | 7 | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by Litton Loan Servicing LP for attorney R. Bruce Allensworth to appear Pro Hac Vice. (Attachments: # 1 Certificate of Good Standing)(O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 8 | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by Litton Loan Servicing LP for attorney Brian M. Forbes to appear Pro Hac Vice. (Attachments: # 1 Certificate of Good Standing)(O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/27/2010 | 9 | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by Litton Loan Servicing LP for attorney Gregory N. Blase to appear Pro Hac |

| | | Vice. (Attachments: # 1 Certificate of Good Standing)(O'Hanlon, Matthew) (Entered: 07/27/2010) |
|---|---|---|
| 07/27/2010 | 10 | CERTIFICATE of SERVICE by Litton Loan Servicing LP re 8 Pro Hac Vice Application and Proposed Order, 9 Pro Hac Vice Application and Proposed Order, 7 Pro Hac Vice Application and Proposed Order. (O'Hanlon, Matthew) (Entered: 07/27/2010) |
| 07/28/2010 | | RECEIPT number #CAE100011789 $540.00 fbo Pro Hac Vice for R. Bruce Allensworth, Brian M. Forbes, Gregory N. Blase) by Linda K. Doyle on 7/28/2010. (text entry only)(Martin, S) (Entered: 07/28/2010) |
| 07/29/2010 | 15 | CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 10/5/2010 at 10:00 AM in Courtroom 10 (GSA) before Magistrate Judge Gary S. Austin. (Attachments: # 1 Standing Order, # 2 Consent Form, # 3 VDRP Form) (Marrujo, C) (Entered: 07/29/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/29/2010 09:53:31 | | | |
| **PACER Login:** | ws0015 | **Client Code:** | 0306326.00225/05229 |
| **Description:** | Docket Report | **Search Criteria:** | 1:10-cv-01355-LJO-GSA |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |