**K&L GATES LLP**
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone:  310.552.5000
Facsimile:  310.552.5001

Matthew B. O'Hanlon (SBN 253648)
  matthew.ohanlon@klgates.com

**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone:  617.261.3100
Facsimile:  617.261.3175

*pro hac vice* motions pending
R. Bruce Allensworth
  bruce.allensworth@klgates.com
Brian M. Forbes
  brian.m.forbes@klgates.com
Gregory N. Blase
  gregory.blase@klgates.com

Attorneys for Defendant Litton Loan Servicing LP

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| JOHN SINGH, an individual, as,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LITTON LOAN SERVICING LP a Texas Corporation; MERSCORP, INC, a Virginia Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP., Inc., a Delaware corporation; and DOES individuals 1-100, inclusive, and ROES corporations 1 to 30, inclusive, and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto,<br><br>                    Defendants. | Case No. 1:10-cv-01355-LJO-GSA<br><br>**NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING TRANSFER TO MERS MDL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  Tuesday, August 31, 2010<br>Time:  8:30 a.m.<br>Courtroom:  4, Seventh Floor |

**NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING TRANSFER TO MERS MDL**

1  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD, IF ANY:

2  PLEASE TAKE NOTICE THAT on **Tuesday, August 31, 2010** at **8:30 a.m.**, or as soon

3  thereafter as the matter can be heard, in Courtroom Number 4 on the Seventh Floor of the above-

4  entitled Court, located at 2500 Tulare Street, Fresno, California 93721, Defendant Litton Loan

5  Servicing LP ("Litton") will move this Court to stay this action in its entirety – including a stay of

6  Litton's obligation to respond to the Complaint – pending transfer of this case to the multidistrict

7  litigation proceeding styled <u>In re Mortgage Electronic Registration Systems, Inc. Litigation</u>, No.

8  2:09-md-2119 (D. Ariz.) ("MERS MDL"), which multidistrict litigation proceeding is pending before

9  the Honorable James A. Teilborg of the United States District Court for the District of Arizona.

10  Litton's motion to stay is based upon this Notice of Motion and Motion, the Memorandum of

11  Points and Authorities in Support Thereof, the pleadings and papers on file herein, and upon such

12  other oral and documentary evidence as may be presented at the time of hearing.

Respectfully Submitted,

K&L GATES LLP

Dated: July 30, 2010      By:   /s/ *Matthew B. O'Hanlon*
                                Matthew B. O'Hanlon
                                Attorneys for Litton Loan Servicing LP

1
**NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING TRANSFER TO MERS MDL**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Litton Loan Servicing LP ("Litton") submits this memorandum of points and authorities in support of its motion to stay this action in its entirety – including a stay of Litton's obligation to respond to the Complaint – until thirty (30) days after the later of: (a) a final determination by the Judicial Panel on Multidistrict Litigation (the "MDL Panel") as to whether this case will be transferred to the United States District Court for the District of Arizona for consolidated pre-trial proceedings in the multidistrict litigation proceeding styled In re Mortgage Electronic Registration Systems (MERS) Litigation, No. 2:09-md-2119 (D. Ariz.) ("MERS MDL"); and (b) a ruling by Judge Teilborg, the judge presiding over the MERS MDL, as to which, if any, of the claims in the Complaint shall be remanded to this Court for adjudication in this forum.

Plaintiff's Complaint alleges, among other things, that certain defendants "conspire[d], and agree[d] among themselves to engage in a conspiracy to promote, encourage, facilitate and actively engage" in allegedly fraudulent activity related to the so-called "MERS system."  Complaint ¶ 65. This allegation, and the causes of action asserted in the Complaint are virtual, verbatim copies of allegations set forth in the more than eighty Complaints that the MDL Panel has already determined should be consolidated for pre-trial proceedings before the MERS MDL.

On July 29, 2010, Litton tagged this action for transfer to the MERS MDL by filing a Notice of Tag Along Action with the MDL Panel.  See Docket No. 16.  Given the overwhelming similarities between plaintiff's allegations and the allegations set forth in the Complaints that have already been transferred to the MERS MDL, the MDL Panel is likely to transfer this case to the MERS MDL. Accordingly, the interests of judicial economy and preservation of resources warrant a stay of this matter while the parties await the MDL Panel's transfer order.  Further, because the case was only recently filed and removed to this Court, no party will be prejudiced by the issuance of the requested stay, but each party will benefit from not having to engage in duplicative motion practice and other litigation prior to the case's transfer to the MERS MDL.

For these and for the reasons that follow, the Court should allow Litton's motion and stay this action pending its transfer to the MERS MDL.

## II.     BACKGROUND

On December 7, 2009, the MDL Panel transferred six class actions to the United States District Court for the District of Arizona for consolidated pre-trial proceedings before the Honorable James A. Teilborg in the MERS MDL.  See MDL Panel's Transfer Order, dated December 7, 2009 ("Transfer Order"), attached as Exhibit A.  Pursuant to 28 U.S.C. § 1407, the MDL Panel found that the transferred actions involved common questions of fact concerning "the formation and operation of the MERS system."  See id. at 2.  Since December 7, 2009, the MDL Panel has transferred approximately 80 additional individual actions to the MERS MDL based on the MDL Panel's finding that those actions, like the original six class actions, arise from allegations concerning the formation and operation of the MERS system.[1]  Under the MDL Panel's initial Transfer Order, and each

---

[1]     To date, the actions that have been transferred to the MERS MDL include six class actions, Robinson v. G.E Money Bank, No. 09-227 (D. Ariz.); Vargas v. Countrywide, No. 09-2309 (C.D. Cal.); Lopez v. Exec. Trust. Servs., No. 09-180 (D. Nev.); Goodwin v. Exec. Trust. Servs., No. 09-306 (D. Nev.); Green v. Countrywide, No. 09-374 (D. Nev.); Dalton v. CitiMortgage, No. 09-534 (D. Nev.), and numerous individual actions, Stoffels v. GRP Fin. Servs. Corp, No. 08-468 (D. Nev.); Hearne v. Countrywide, No. 08-500 (D. Nev.); Huynh v. First Nat'l Bank of Nev., No. 09-577 (D. Nev.); Mesi v. Wash. Mut. F.A., No. 09-582 (D. Nev.); Youngren v. Ownit Mrtge. Sol., Inc., No. 09-595 (D. Nev.); Burke v. Litton, No. 09-653 (D. Nev.); Dalby v. CitiMortgage, No. 09-659 (D. Nev.); Beebe v. Nat'l Default Serv. Corp., No. 09-2379 (D. Nev.); Ludlow v. Silver State Fin. Servs., No. 09-313 (D. Nev.); Habon v. MERS, No. 10-191 (D. Nev.); Sedlmayr v. Mortgage Lenders Network, No. 10-204 (D. Nev.); Comacho-Villa v. Great Western Home Loans, No. 10-210 (D. Nev.); Riger v. Litton, No. 10-233 (D. Nev.); Youmans v. MERSCORP, No. 10-1017 (D.S.C.); Gothan v. World Sav. Bank FSB, No. 10-66 (D. Nev.); Yeghiyaian v. Pulte Mrtge., LLC, No. 10-241 (D. Nev.); Sandefur v. First Horizon, No. 10-252 (D. Nev.); Spracklin v. ReconTrust Co., No. 10-267; Meyer v. CTX Mortgage, No. 10-270 (D. Nev.); Leon v. Ownit Mrtge. Sol., Inc., No. 10-460 (D. Or.); Ene v. Deutsche Bank Nat'l Trust Co., No. 08-1550 (D. Nev.); Shieban v. Silver State Fin. Servs., Inc., No. 09-1939 (D. Nev.); Whalen v. MERS, No. 09-2081 (D. Nev.); Villa v. First Guar. Fin., No. 09-2161 (D. Nev.); Hall v. MortgageIt, Inc., No. 09-2233 (D. Nev.); Greene v. Countrywide, No. 09-2246 (D. Nev.); Velasquez v. The Lending Group, Inc., No. 09-2265 (D. Nev.); Hora v. Credit Suisse First Boston Fin. Corp., No. 09-2267 (D. Nev.); Lalatag v. Money First Fin. Servs., Inc., No. 09-2268 (D. Nev.); Greene v. Countrywide, No. 09-2273 (D. Nev.); Saniel v. ReconTrust Co., No. 09-2290 (D. Nev.); Kwok v. ReconTrust Co., N.A., No. 09-2298 (D. Nev.); Berilo v. HSBC Mrtge Corp., U.S.A., No. 09-2353 (D. Nev.); Yateman v. JP Morgan Chase Bank, N.A., No. 09-2376 (D. Nev.); Fitzwater v. BAC Home Loans, No. 09-2400 (D. Nev.); Evans v. Aurora Loan Servs., LLC, No. 09-2401 (D. Nev.); Kartman v. Ocwen Loan Servicing, No. 09-2404 (D. Nev.); Kahalehoe v. WMC Mrtge Corp., No. 09-2414 (D. Nev.); Bricker v. Wells Fargo Bank N.A., No. 09-2449 (D. Nev.); Boyd v. Wells Fargo Bank, N.A., No. 09-2456 (D. Nev.); Golding v. Amtrust Bank, No. 10-1 (D. Nev.); Huck v. Countrywide, No. 09-553 (D. Nev.); Gillespie v. Countrywide, No. 09-556 (D. Nev.); Duncan v. Countrywide, No. 09-632 (D. Nev.); Caffee v. First Nat'l Bank of Nev., No. 09-641 (D. Nev.); Sieben v. Countrywide, No. 09-642 (D. Nev.); Huck v. Countrywide, No. 09-643 (D. Nev.); Vo v. Am. Brokers Conduit, No. 09-654 (D. Nev.); Eastwood v. Lehman Bros. Bank, No. 09-656 (D. Nev.); Ellifritz v. Netbank, No. 09-663 (D. Nev.); McConathy v. Gateway Bus. Bank, No. 09-665 (D. Nev.); Smith v. First Nat'l Bank of Nev., No. 09-666 (D. Nev.); Barlow v. BNC Mrtge, No. 09-677 (D. Nev.); Sage v. BNC Mrtge, No. 09-689 (D. Nev.); Mason v. Countrywide, No. 09-734 (D. Nev.);

**MEMORANDUM OF POINTS AND AUTHORITIES**

subsequent transfer order, claims in any action that do <u>not</u> relate to the "formation and/or operation of the MERS system" are simultaneously severed and remanded to their respective transferor courts. <u>See</u> <u>id.</u> at 3.

As noted above, on July 29, 2010, Litton filed a Notice of Tag Along Action ("Notice") with the MDL Panel, in which Litton identified this case for potential transfer to the MERS MDL. As set forth in more detail in the Notice, a copy of which Litton filed with this Court on July 29, 2010, <u>see</u> Docket No. 16, the action will likely be transferred to the MERS MDL because most, if not all, of plaintiff's claims turn on plaintiff's allegation that defendants "intentionally created, managed, operated and controlled the MERS system with the unlawful intent and for the lawful [sic] purpose of making it difficult or impossible for plaintiff and other victims of such industry wide predatory policies and practices to identify and hold responsible the persons or entities responsible for the unlawful actions alleged" in the Complaint. Complaint ¶ 70; <u>see also</u> Complaint ¶¶ 4; 11; 65-79.

As to certain of the cases that have already been transferred to the MERS MDL, Judge Teilborg has established a practice and procedure order that establishes a procedure for the MERS MDL court to determine which, if any, of the claims in a transferred action should remanded to the transferor district court where those claims do <u>not</u> concern "the formation and operation of the MERS system." <u>See</u> Exhibit A; <u>see also</u> Docket No. 25 in Case No. 2:09-md-2119 (D. Ariz.). As has been the case with other transferred matters, when this case is transferred to the MERS MDL, Judge Teilborg will likely issue a similar order with respect to this matter as well. Accordingly, the issue of what claims, if any, will be adjudicated in this forum will likely be determined by the MERS MDL within a few months after this case is transferred.

---

<u>Freeto v. Litton</u>, No. 09-754 (D. Nev.); <u>Fitzgerald v. Quality Loan Service Corp.</u>, No. 10-1 (D. Nev.); <u>Dominguez v. Litton</u>, No. 10-16 (D. Nev.); <u>Labasan v. Countrywide</u>, No. 09-2315 (D. Nev.); <u>Mausert v. Countrywide</u>, No. 09-233 (D. Nev.); <u>Riehm v. Countrywide</u>, No. 10-4 (D. Nev.); <u>Roberts v. First Horizon Home Loan Corp.</u>, No. 10-25 (D. Nev.); <u>Mikulaco v. Aegis Wholesale Corp.</u>, No. 10-41 (D. Nev.); <u>Tyler v. American Home Mortgage</u>, No. 10-42 (D. Nev.); <u>Gutierrez v. Pinnacle Fin. Corp.</u>, No. 10-54 (D. Nev.); <u>Martinez v. Fed. Nat'l Mrtge Ass'n,</u>, No. 10-457 (C.D. Cal.); <u>Gothan v. Ownit Mrtge Sol.</u>, No. 0-172 (D. Nev.); <u>Sieben v. First Nat'l Bank of Nev.</u>, No. 10-173 (D. Nev.); <u>Funk v. Wash. Mut. Bank</u>, No. 10-182 (D. Nev.); <u>Sanchez v. Homecoming Fin. Network</u>, No. 10-184 (D. Nev.); and <u>Kelley v. Genuine Title</u>, No. 10-192 (D. Nev.).

3
**MEMORANDUM OF POINTS AND AUTHORITIES**

### III. APPLICABLE STANDARD

The United States Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American, Co., 299 U.S. 248, 254-55 (1936); see also Mediterranean Enter., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).  In particular, the "decision to grant … a temporary stay … pending a ruling on the transfer of the matter to the MDL court lies within th[e] Court's discretion." Gonzales v. Lucille Packard Children's Hosp., No. C 09-5539 JF, 2010 WL 1263714 at *2 (N.D. Cal. Mar. 29, 2010) (granting stay pending MDL transfer decision).

In weighing a motion to stay, "the district court should consider three factors, which include: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated" in the MDL proceeding.  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (staying action pending transfer order of MDL Panel).  It has been observed that "[c]ourts frequently grant stays in cases when an MDL decision is pending." Brandt v. BP, P.L.C., No. 2:10-cv-01460, 2010 WL 2802495, at *2 (D.S.C. Jul. 14, 2010) (granting stay of a few months pending MDL Panel's decision on request for transfer); Camara v. Bayer Corp., No. C 09-06084 WHA, 2010 WL 902780, at *2 (N.D. Cal. Mar. 9, 2010) (same); Cajun Offshore Charters, LLC v. BP Products N. Am., Inc., No. 10-1341, 2010 WL 2160292 at *2 (E.D. La. May 25, 2010) (same); American Seafood, Inc. v. Magnolia Processing, Inc., Nos. 92-1030, 92-1086, 1992 WL 102762 at *2 (E.D. Pa. May 7, 1992) (same); Arthur-Magna, Inc. v. Del-Val Fin. Corp., No. 90-4378, 1991 WL 13725 at *1-2 (D.N.J. Feb. 1, 1991) (same); Portnoy v. Zenith Lab., No. 86-3512, 1987 WL 10236 at *1 (D.D.C. Apr. 21, 1987) (same).  Many courts have reasoned that "[a] delay of a few months … is … slight when compared to the hardship to the defendants and the interests of judicial economy." Brandt, 2010 WL 2802495, at *2.

/ / /

/ / /

/ / /

4
**MEMORANDUM OF POINTS AND AUTHORITIES**

## IV. ARGUMENT

All three of the factors that inform the Court's decision on whether to grant a stay favor allowance of the requested stay in this case.

### A. The Requested Stay Will Not Prejudice Plaintiff

Plaintiff will not be prejudiced by allowance of a stay in this matter. The case was only recently filed, and the expected delay of six to eight weeks will not hinder plaintiff from pursuing his claims once the case is transferred to the MERS MDL. Moreover, far from being prejudiced, plaintiff - as well as the Court and other parties - will benefit from the avoidance of duplicative motion practice and discovery that will result with the allowance of the requested stay.

### B. Litton Will Suffer A Hardship If The Case Is Not Stayed

Under Rule 81(c)(2)(A) of the Federal Rules of Civil Procedure, Litton is due to file its response to plaintiff's Complaint on or before Thursday, August 5, 2010. Litton intends to file a motion to dismiss as to some or all of plaintiff's Complaint. In particular, Litton will argue that Litton's MERS-related claims lack merit and that the Court should dismiss plaintiff's Complaint with prejudice and without leave to amend – just as Judge Teilborg has already ruled in a case asserting almost identical claims of alleged fraud related to the so-called MERS system. Cervantes v. Countrywide Home Loans, Inc., No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *10 (D. Ariz. Sep. 24, 2009) (Teilborg, J.), appeal docketed, No. 09-17364 (9th Cir. Oct. 23, 2009).[2]

---

[2] In addition to Judge Teilborg's decision in *Cervantes*, numerous courts in California and elsewhere have rejected allegations of fraud in connection with the formation and operation of the MERS system. Pfannenstiel v. MERS, No. CIV S-08-2609, 2009 WL 347716, at *4 (E.D. Cal. Feb. 11, 2009) (dismissing plaintiff's claim that MERS lacked authority to foreclose); Farahani v. Cal-Western Recon. Corp., No. 09-194, 2009 WL 1309732, at *2-3 (N.D. Cal. May 8, 2009) (MERS authorized to file non-judicial foreclosure action); Peyton v. Recontrust Co., No. TC021868, Notice of Ruling, at 2 (Cal. Super. Ct. County of Los Angeles S. Cent. Dist. Oct. 15, 2008) (MERS may foreclose under California law); see also Trent v. MERS, 288 Fed. App'x 571, 572 (11th Cir. 2008) (MERS "has the legal right to foreclose on the debtors' property" and "is the mortgagee"); Johnson v. MERS, 252 Fed. App'x 293, 294 (11th Cir. 2007) (summary judgment for MERS on its action for foreclosure of plaintiff's property); Croce v. Trinity Mortgage Assurance Corp., No. 2:08-CV-01612-KJD-PAL, 2009 WL 3172119, at *3 (D. Nev. Sept. 28, 2009) ("MERS was, in fact, the beneficiary under the Deed of Trust"); Orzoff v. MERS, No. 2:08-CV-01512-RCJ-PAL, 2009 WL 4643229, at *6 (D. Nev. Mar. 26, 2009) (MERS has standing as nominee beneficiary in nonjudicial foreclosure proceeding); Diessner v. MERS, 618 F. Supp. 2d 1184 (D. Ariz. 2009) (MERS and trustee under deed of trust are authorized to institute non-judicial foreclosure proceeding).

5
**MEMORANDUM OF POINTS AND AUTHORITIES**

1   Litton will be prejudiced if it is required to respond to the Complaint prior to a determination
2   by the MDL Panel as to whether the case should be transferred to the MERS MDL, and prior to
3   Judge Teilborg's determination of which, if any of plaintiff's claims should be remanded to this
4   Court for adjudication.  First, Litton will be forced to bear the expense and inconvenience of having
5   to brief duplicative motions to dismiss in this Court and in the MERS MDL.  Second, the MERS-
6   related issues are best left to the MERS MDL, which has jurisdiction over those issues and has
7   already considered the legal issues presented in plaintiff's Complaint.  Accordingly, the second factor
8   underlying the Court's decision of whether to grant a stay weighs heavily in favor of allowing the
9   stay, because Litton will face undue hardship if it is required to litigate in this forum, before a
10  decision as to what, if any, issues the Court will need to address.

      **C.**      **The Interests Of Judicial Economy Favor A Stay**

12  As noted above, a stay "is appropriate when it serves the interests of judicial economy and
13  efficiency." Rivers, 980 F. Supp. at 1360-61 (staying action pending transfer to MDL proceeding).  In
14  this case, "a stay … will preserve judicial economy and facilitate uniform treatment of" the MERS-
15  related issues raised in plaintiff's Complaint and which are the subject of the MERS MDL.  See
16  Gonzales, 2010 WL 1263714 at *2 (staying action pending transfer to MDL proceeding).  The
17  question of which claims, if any, will be adjudicated in this Court is likely to be determined by Judge
18  Teilborg after this matter is transferred to the MERS MDL.  Judge Teilborg's determination of these
19  issues will likely narrow the number and scope of claims to be adjudicated in this Court.
20  Accordingly, a stay is the best way in which to preserve the resources of the parties and of the Court.
21  Rivers, 980 F. Supp. at 1362; Gonzales, 2010 WL 1263714 AT *2; Brandt, 2010 WL 2802495, at *2
22  ("[a] delay of a few months … is … slight when compared to the hardship to the defendants and the
23  interests of judicial economy").
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

## V. CONCLUSION

For all the foregoing reasons, the Court should grant Litton's motion to stay and stay this action – including Litton's obligation to respond to the Complaint – until thirty (30) days after the later of: (a) a final determination by the Panel as to whether this case will be transferred to the MERS MDL; and (b) a ruling by the MERS MDL court, as to which, if any, of the claims in the Complaint shall be remanded to this Court for adjudication in this forum.

Respectfully Submitted,

K&L GATES LLP

Dated: July 30, 2010   By: /s/ *Matthew B. O'Hanlon*
Matthew B. O'Hanlon
Attorneys for Litton Loan Servicing LP

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On July 30, 2010, I served the foregoing document(s):

**NOTICE OF MOTION AND MOTION TO STAY ACTION PENDING TRANSFER TO MERS MDL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action through the Court's ECF system to the registered participants as identified on the Notice of Electronic Filing, and by placing a true copy thereof enclosed in sealed envelope(s) addressed and sent as follows:

John Singh
2777 North Western Avenue
Fresno, California 93722

☒ **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office of the addressee(s) as indicated above. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on July 30, 2010, at Los Angeles, California.

/s/ *Matthew B. O'Hanlon*
Matthew B. O'Hanlon