**K&L GATES LLP**
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Matthew B. O'Hanlon (SBN 253648)
matthew.ohanlon@klgates.com

**K&L GATES LLP**
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111
Telephone: 617.261.3100
Facsimile: 617.261.3175

R. Bruce Allensworth, *pro hac vice* pending
bruce.allensworth@klgates.com
Brian M. Forbes, *pro hac vice* pending
brian.m.forbes@klgates.com
Gregory N. Blase, *pro hac vice* pending
gregory.blase@klgates.com
**Attorneys for Litton Loan Servicing LP**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

| | |
|---|---|
| JOHN SINGH, an individual, as,<br><br>Plaintiff,<br><br>vs.<br><br>LITTON LOAN SERVICING LP a Texas Corporation; MERSCORP, INC, a Virginia Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP., Inc., a Delaware corporation; and DOES individuals 1-100, inclusive, and ROES corporations 1 to 30, inclusive, and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to plaintiff's ownership, or any cloud upon plaintiff's title thereto,<br><br>Defendants. | Case No. 1:10-cv-01355-LJO-GSA<br><br>**STIPULATION TO ENLARGE TIME IN WHICH DEFENDANT LITTON LOAN SERVICING LP MAY RESPOND TO COMPLAINT; ORDER THEREON** |

Pursuant to Rule 6 of the Federal Rules of Civil Procedure and Local Rule 144(a) of the

United States District Court for the Eastern District of California, Litton Loan Servicing LP

STIPULATION TO ENLARGE TIME IN WHICH DEFENDANT
LITTON LOAN SERVICING LP MAY RESPOND TO COMPLAINT

1

1  ("Litton"), through its counsel and plaintiff in pro per John Singh ("Singh" or "plaintiff") (Litton and
2  Singh are, at times herein, referred to collectively as the "parties") stipulate to enlarge the time in
3  which Litton may respond to plaintiff's Complaint until the later of: (1) fourteen (14) days after the
4  Court denies Litton's Motion to Stay (Docket No. 17); (2) if the Court allows the Motion to Stay,
5  thirty (30) days after the MDL Panel rules on Litton's request that this matter be consolidated for pre-
6  trial proceedings with the multidistrict litigation proceeding styled In re Mortgage Electronic
7  Registration Systems, Inc. Litigation, No. 2:09-md-2119 (D. Ariz.) ("MERS MDL"); or (3) thirty (30)
8  days after Judge Teilborg, the judge presiding over the MERS MDL decides which, if any, of the
9  causes of action in the Complaint should be adjudicated by this Court.

10        Pursuant to Local Rule 144(a), the parties respectfully request that the Court enter this
11 Stipulation as an Order of the Court.  In support hereof, the parties state as follows:

12        1.    Plaintiff filed this action in the Superior Court for Fresno County, State of California
13 on or about May 28, 2010.  Plaintiff served Litton with a copy of the Summons and Complaint on
14 July 15, 2010.

15        2.    On July 27, 2010, Litton removed this action to this Court pursuant to 28 U.S.C.
16 §§ 1331, 1332(a), 1441, and 1446.  See Docket No. 2.

17        3.    Pursuant to Rule 81(c)(2)(A) of the Federal Rules of Civil Procedure, Litton's response
18 to the Complaint is currently due to be filed on or before Thursday, August 5, 2010 (i.e. 21 days after
19 Litton was served with the Summons and Complaint).

20        4.    On July 29, 2010, Litton tagged this case for transfer to the MERS MDL by filing a
21 Notice of Tag-Along with the Judicial Panel for Multidistrict Litigation.  See Docket No. 16.

22        5.    On July 30, 2010, Litton filed a Motion to Stay, in which motion Litton requests that
23 the Court stay this action until after the MERS MDL court determines which, if any, of plaintiff's
24 claims should be adjudicated in this forum.  See Docket No. 17.

25        6.    As further set forth in Litton's Notice of Tag Along and Motion to Stay, this case is
26 likely to be consolidated for pre-trial proceedings in the MERS MDL, and some or all of plaintiff's
27 claims will likely be adjudicated in that forum.

28

7. In order to preserve the resources of the parties and of the Court, the parties stipulate and agree that the deadline for Litton to respond to the Complaint should be enlarged until the later of: (1) fourteen (14) days after the Court denies the Motion to Stay (Docket No. 17); (2) if the Court allows the Motion to Stay, thirty (30) days after the MDL Panel rules on Litton's request that this matter be consolidated for pre-trial proceedings with the MERS MDL; or (3) thirty (30) days after Judge Teilborg, the judge presiding over the MERS MDL decides which, if any, of the causes of action in the Complaint should be adjudicated by this Court.

8. Litton and plaintiff have both agreed to the enlargement requested herein, and, accordingly, neither party will be prejudiced if the Court allows and enters this Stipulation.

WHEREFORE, Litton and plaintiff: (a) stipulate that the deadline for Litton to respond to the Complaint is enlarged until the later of: (1) fourteen (14) days after the Court denies the Motion to Stay (Docket No. 17); (2) if the Court allows the Motion to Stay, thirty (30) days after the MDL Panel rules on Litton's request that this matter be consolidated for pre-trial proceedings with the MERS MDL; or (3) thirty (30) days after Judge Teilborg, the judge presiding over the MERS MDL decides which, if any, of the causes of action in the Complaint should be adjudicated by this Court; and (b) respectfully request that the Court enter this Stipulation as an Order of the Court.

Respectfully submitted,

K&L GATES LLP

Dated: August 2, 2010 By: /s/ *Matthew B. O'Hanlon*
  Matthew B. O'Hanlon (SBN 253648)
  Attorneys for Litton Loan Servicing LP

Respectfully submitted,

Dated: July 30, 2010 By: /s/ *John Singh* (with permission)
  John Singh, plaintiff in pro per

**IT IS SO ORDERED,**

Dated: August 3, 2010        /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE